IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KENNETH E. PURCELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. CIV-12-902-HE |
| | ) |
| SCIENTIFIC DRILLING | ) |
| INTERNATIONAL, INC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

### I. PRELIMINARY STATEMENT

1. This is a civil action asserting causes of action for employment discrimination prohibited by the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621 *et seq.*, ("ADEA"); and for disability discrimination in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et seq.* ("ADA"). Plaintiff also asserts a state law cause of action for employment discrimination based upon age and disability prohibited by the Oklahoma Anti-Discrimination Act, 25 O.S. §§ 1101 *et seq.*, as amended ("OADA").

### II. PARTIES

2. Plaintiff, Kenneth E. Purcell, is an individual citizen and resident of the United States, and at all times relevant was a resident of Yukon, Oklahoma, within the Western District. Plaintiff was employed and discharged from employment by Defendant

in Oklahoma City, Oklahoma, within the Western District of Oklahoma.

3.     Defendant, Scientific Drilling International, Inc., is a foreign for-profit corporation which has its headquarters and principal place of business in Houston, Texas.

### III. JURISDICTION AND VENUE

4.     This Court has federal question jurisdiction under 28 U.S.C. § 1331, 29 U.S.C. § 626(c) and § 216(b), and 42 U.S.C. § 2000e-5(f)(3) and § 12117(a). This Court also has jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367(a).

5.     Venue is proper under 29 U.S.C. § 216(b), 42 U.S.C. § 2000e-5(f)(3) and § 12117(a), and 28 U.S.C. § 1391(b) and (c).

### IV. CONDITIONS PRECEDENT

6.     On or about May 24, 2012, Plaintiff timely filed a joint charge of employment discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Oklahoma Human Rights Commission alleging that Defendant discriminated against him based upon his age and disability. Plaintiff has exhausted his administrative remedies as to his age and disability claims.

7.     The EEOC issued Plaintiff a notice of right to sue dated May 24, 2012, and he is filing this lawsuit within ninety (90) days of his receipt of said notice.

### V. FACTUAL ALLEGATIONS

8.     Defendant is an employer engaged in interstate commerce or activities affecting interstate commerce. Defendant has numerous facilities in the United States and conducts business operations throughout the world providing downhole tools and

navigation equipment used for surveying, production logging, and directional drilling. Defendant employs over 500 employees at its various locations, and has a facility in Oklahoma City where Plaintiff performed work.

9. Defendant is a covered employer under the ADEA and the ADA because of the number of employees it has had, i.e., over twenty for each week during 2010, 2011, and 2012 year-to-date; and because it has consistently engaged in interstate commerce within and between numerous states in the United States.

10. Plaintiff's year of birth is 1963, and he was almost 49 years of age at the time of his discharge by Defendant on or about March 2, 2012.

11. Plaintiff is disabled, has a record of disability, and/or was perceived as being disabled by Defendant due to arthritis in his knees which causes him to walk with a limp.

12. Plaintiff was initially employed by Defendant on or about April 1, 2008. He was classified as an MWD ("Measurement While Drilling") Engineer for Defendant. Plaintiff worked during 2008 and 2009 in the Oklahoma District in the MWD E-Field Division. According to Plaintiff's manager at the time, David Cook (MWD Coordinator), Plaintiff met or exceeded all expectations in the workplace.

13. Plaintiff was subsequently laid off due to an economic downturn in the oil and gas industry. Cook wrote Plaintiff a letter of reference, which stated in part: "I would highly recommend Ken for a job, his computer knowledge and ability to get along with multiple personalities makes him a great asset to any company."

14. Plaintiff was re-employed by Defendant in April, 2011, and for approximately six (6) months he worked in Defendant's Corpus Christi District as an MWD Mud Pulse hand. In September 2011, Plaintiff was contacted by Brian Walzel, Gyro/Wireline Coordinator in the Oklahoma District and offered a job as a Gyro hand. Plaintiff accepted the position and transferred to Oklahoma City.

15. Approximately three months after Plaintiff transferred to Oklahoma City, Brian Walzel was transferred to Houston and Justin Cheatwood, approximately 29 years old, became the Coordinator of the Gyro/Wireline Department.

16. After Cheatwood became the Coordinator, Plaintiff was treated less favorably than two much younger employees in their 20's ands 30's who were hired after Plaintiff. Joe Sanders, the leadman, told Plaintiff that he would not be trained because two younger employees, Steve l/n/u and David l/n/u, had priority for training per instructions of Justin Cheatwood.

17. After Cheatwood took over as Coordinator, Plaintiff was not sent to the field and was not working, while the two younger employees were.

18. Plaintiff specifically requested additional training so he could process the job when it was finished, but instead Cheatwood continued to assign Plaintiff to calibrating gyros on which he was proficient; and denied him other training.

19. On March 2, 2012, Plaintiff received a telephone call from Don Skinner, District Manager, who told Plaintiff that he had to let him go because he was not progressing satisfactorily with his training. When Plaintiff tried to explain the situation

to Skinner, he interrupted Plaintiff and said that even Walzel said he was not coming up to speed. Plaintiff then asked Skinner to talk with Tim Robertson. Skinner stated he already had, and Robertson had stated to him that Plaintiff was not learning anything.

20. After the conversation, Plaintiff contacted both Brian Walzel and Tim Robertson, and they denied saying anything negative or critical about Plaintiff's training to either Skinner or Cheatwood.

21. The reasons give by Skinner for Plaintiff's discharge are clearly pretextual. An employee working in the oilfield has to receive necessary training and job experience to be proficient on new tools or processes. There is no reason to believe Plaintiff could not readily learn all aspects of the work done by Defendant's Gyro/Wireline Department. Plaintiff was experienced in various phases of Defendant's business, including E-Field, Mud Pulse, and initial training in Gyro/Wireline products and services. Plaintiff has successfully completed technical classes and received certifications, was knowledgeable in oilfield safety, and had never received a written or verbal warning while employed by Defendant.

22. It is simply untrue that Plaintiff was not progressing satisfactorily in his training for his new position. Instead, his new, much younger supervisor, Cheatwood, denied him job assignments in the field and denied him necessary training while providing such training to much younger employees.

23. Plaintiff was subjected to discriminatory treatment because of his age and/or disability, including, without limitation, denial of training, job assignments, and

discharge.

24. After his discharge, Plaintiff's former job duties were assigned to one or more significantly younger and/or non-disabled employees. Alternatively, Plaintiff was discharged under circumstances in which younger and/or non-disabled employees would not have been. Furthermore, Defendant has a pattern and practice of discriminating against its employees based upon disability and age.

25. All adverse actions described herein, and taken by Defendant against Plaintiff, including without limitation, his discharge, were done intentionally, willfully, or in reckless disregard for the legal rights of Plaintiff. Defendant has a written policy stating it will not discriminate against its employees because of age and/or disability. Nonetheless, Defendant willfully and knowingly took adverse employment-related actions against Plaintiff because of his age and/or disability.

26. During a partial year of employment in 2011, Plaintiff earned approximately $50,000. Employees in similar positions working in the field averaged approximately $80,000 t0 $100,000 per year. As a result of Defendant's wrongful actions, Plaintiff has suffered a loss of employment; loss of career path and seniority; loss of compensation and benefits; and compensatory damages, including, without limitation, those for humiliation, embarrassment, loss of dignity, stress, and loss of enjoyment of life.

## VI.  FIRST CAUSE OF ACTION:
## VIOLATION OF THE ADEA

27.  Plaintiff incorporates hereunder by reference paragraphs 1-26, as set forth above.

28.  Plaintiff was over age 40 at the time he was subjected to the discriminatory treatment, including discharge, described in ¶¶ 16, 17, 18, and 19, above.

29.  Plaintiff was fully qualified to receive proper training and to perform his assigned job duties.

30.  Plaintiff's job duties were assigned to one or more significantly younger employees after his discharge, and/or younger similarly situated employees were treated more favorably than Plaintiff in regard to all terms and conditions of employment, including without limitation, receiving necessary training and job assignments in the field.

31.  A determining factor in all of Defendant's adverse actions toward Plaintiff, including his discharge, was his age, in violation of the ADEA. As a result of Defendant's adverse actions, Plaintiff suffered the losses and damages described in ¶ 26, above.

32.  Defendant's violations of the ADEA were willful.

33.  Plaintiff is entitled to all remedies and relief afforded by the ADEA, including, without limitation, back pay, liquidated damages, reinstatement or front pay, costs, expenses, and a reasonable attorneys' fee in bringing this action, as well as pre-judgment and post-judgment interest.

Case 5:12-cv-00902-HE   Document 1   Filed 08/17/12   Page 8 of 10

## VII.  SECOND CAUSE OF ACTION: VIOLATION OF ADA

34. Plaintiff incorporates hereunder by reference paragraphs 1-33, as set forth above.

35. Plaintiff is protected under the ADA from employment discrimination based upon his disability. Defendant discriminated against Plaintiff because of his disability by taking the adverse actions against him described above in ¶¶ 16, 17, 18, and 19, including, without limitation, terminating him from employment because of his disability, record of disability, or Defendant's perception that he is disabled, in violation of the ADA. As a result of Defendant's adverse actions, Plaintiff suffered the losses and damages described in ¶ 26, above.

36. Defendant's actions in violating the ADA were intentional, willful, malicious, or in reckless disregard for Plaintiff's rights thereunder.

37. Plaintiff is entitled to all remedies and relief provided for a violation of the ADA, including back pay, reinstatement or front pay, compensatory and punitive damages, costs, expenses, and a reasonable attorneys' fee in bringing this action, as well as pre-judgment and post-judgment interest.

## VIII.  THIRD CAUSE OF ACTION: VIOLATION OF OADA

38. Plaintiff incorporates hereunder by reference paragraphs 1-37, as set forth above.

39. Plaintiff is protected under the OADA from employment discrimination

8

based upon age and/or disability.

40. Defendant discriminated against Plaintiff by taking the adverse actions described above in ¶¶ 16, 17, 18, and 19, including, without limitation, terminating his employment, because of his age and/or disability, record of disability, or Defendant's perception that he is disabled, in violation of the OADA. As a result, Plaintiff sustained the losses and damages described in ¶ 26, above. A significant or motivating factor in Defendant's discharge of Plaintiff was his age and/or disability.

41. Defendant's actions in violating the OADA were intentional, willful, malicious, or in reckless disregard for Plaintiff's rights thereunder.

42. Plaintiff is entitled to all remedies and relief provided under the OADA for age and/or disability discrimination in employment.

### IX. JURY TRIAL REQUESTED

43. Plaintiff is entitled to a jury trial under the ADEA, the ADA, and his state law claims, and hereby requests a jury trial.

### X. PRAYER FOR RELIEF

44. Plaintiff prays for judgment as follows:

    A. Payment of back wages, benefits, and compensation;

    B. Reinstatement to his former job position, or alternatively, appropriate future pay, including all wages, benefits and compensation;

    C. All other compensatory damages, including, but not limited to, those for humiliation, loss of dignity, stress, and loss of enjoyment of life;

D. Liquidated damages;

E. Punitive or exemplary damages;

F. Declaratory and injunctive relief as appropriate;

G. Pre-judgment and post-judgment interest on all sums recovered by Plaintiff; and,

H. Attorney's fees, costs and such other and further relief as the Court deems reasonable and proper.

s/Raymond C. Durbin
OBA No. 2554
601 N.W. 13th Street
Oklahoma City, Oklahoma 73103-2213
Phone: (405) 521-0577
Fax: (405) 525-0528
Email: durbinlaw@flash.net

ATTORNEY FOR PLAINTIFF

**ATTORNEY LIEN CLAIMED.**

**JURY TRIAL DEMANDED.**