# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. KENNETH E. PURCELL,<br><br>    Plaintiff,<br><br>v.<br><br>1. SCIENTIFIC DRILLING INTERNATIONAL, INC.,<br><br>    Defendant. | Case No. CIV-12-902-HE |

## DEFENDANT SCIENTIFIC DRILLING INTERNATIONAL, INC.'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant Scientific Drilling International, Inc. ("Scientific Drilling") respectfully submits its Answer and Affirmative Defenses to the Complaint and denies each and every allegation therein except those allegations which are specifically admitted below. Scientific Drilling further provides as follows:

### I. Preliminary Statement

1. Scientific Drilling asserts that no response is necessary to Plaintiff's statement of his claims set forth in paragraph 1 of Plaintiff's Complaint. To the extent that any response is necessary, any and all allegations set forth in paragraph 1 of Plaintiff's Complaint are denied.

### II. Parties

2. As to the allegations set forth in paragraph 2 of Plaintiff's Complaint, Scientific Drilling admits that Plaintiff is an individual citizen and resident of the United States and that he was employed by Scientific Drilling and discharged from employment

by Scientific Drilling in Oklahoma City, Oklahoma, within the Western District of Oklahoma. Scientific Drilling is without sufficient knowledge or information to admit or deny the remaining allegations set forth in paragraph 2 and, therefore, those allegations are denied.

3. Scientific Drilling admits the allegations set forth in paragraph 3 of Plaintiff's Complaint.

### III. Jurisdiction

4. Regarding Plaintiff's statement as to jurisdiction, Scientific Drilling admits that this Court has federal question jurisdiction over Plaintiff's ADEA and ADA claims and supplemental jurisdiction with regard to Plaintiff's Oklahoma state law claims. However, Scientific Drilling affirmatively asserts that, to the extent Plaintiff has failed to exhaust his administrative remedies, this Court lacks subject matter jurisdiction to hear such claims.

5. As to the allegations set forth in paragraph 5 of Plaintiff's Complaint, Scientific Drilling admits that venue is proper before this Court.

### IV. Conditions Precedent

6. As to the allegations set forth in paragraph 6 of Plaintiff's Complaint, Scientific Drilling admits that Plaintiff filed a charge of employment discrimination based on age and disability on or about May 24, 2012 with the Equal Employment Opportunity Commission and the Oklahoma Human Rights Commission. Scientific Drilling is without sufficient knowledge or information to admit or deny the remaining

allegations in paragraph 6 of Plaintiff's Complaint, and, therefore, those allegations are denied.

7. Scientific Drilling admits the allegations set forth in paragraph 7 of Plaintiff's Complaint.

## V. Factual Allegations

8. Scientific Drilling admits the allegations set forth in paragraph 8 of Plaintiff's Complaint.

9. Scientific Drilling admits that it has had over twenty employees for each week during 2010, 2011, and 2012 and that it consistently engages in interstate commerce. Scientific Drilling is without sufficient knowledge or information to admit or deny the remaining allegations set forth in paragraph 9 of Plaintiff's Complaint and, therefore, those allegations are denied.

10. Scientific Drilling admits that Plaintiff was discharged on or about March 2, 2012. Scientific Drilling is without sufficient knowledge or information to admit or deny the remaining allegations set forth in paragraph 10 of Plaintiff's Complaint and, therefore, those allegations are denied. Scientific Drilling, however, acknowledges that Plaintiff has represented to the company that his year of birth was 1963.

11. Scientific Drilling denies the allegations set forth in paragraph 11 of Plaintiff's Complaint. Scientific Drilling asserts that Plaintiff is not a qualified individual with a disability as defined by the ADA and the OADA.

12. As to the allegations set forth in paragraph 12 of Plaintiff's Complaint, Scientific Drilling admits that Plaintiff was initially employed by Scientific Drilling on or

about April 1, 2008. Scientific Drilling further admits that Plaintiff was classified as "Measurement While Drilling" for Scientific Drilling. Scientific Drilling also admits that Plaintiff worked during 2008 and 2009 in the Oklahoma District in the MWD E-Field Product Line. Scientific Drilling denies that Plaintiff was an engineer; as to the best of Scientific Drilling's knowledge, Plaintiff did not have an engineering degree. Scientific Drilling denies the remaining allegations set forth in paragraph 12 of Plaintiff's Complaint.

13. Scientific Drilling admits the allegations set forth in paragraph 13 of Plaintiff's Complaint that Plaintiff was laid off and that Mr. Cook provided a letter of reference to Plaintiff. However, Scientific Drilling clarifies that the letter of reference from David Cook was Mr. Cook's personal reference and was not a reference from Scientific Drilling. Further, it was not within the scope of Mr. Cook's employment with Scientific Drilling to draft such letter of reference. All remaining allegations are denied.

14. Scientific Drilling admits the allegations set forth in paragraph 14 of Plaintiff's Complaint except that Scientific Drilling asserts that Plaintiff worked for Scientific Drilling's Corpus Christi District for approximately five (5) months, not six (6) months, before transferring to Oklahoma City. Any remaining allegations are denied.

15. Scientific Drilling admits the allegations set forth in paragraph 15 of Plaintiff's Complaint.

16. Scientific Drilling denies the allegations set forth in paragraph 16 of Plaintiff's Complaint.

17. Scientific Drilling denies the allegations set forth in paragraph 17 of Plaintiff's Complaint.

18. Scientific Drilling denies the allegations set forth in paragraph 18 of Plaintiff's Complaint.

19. Scientific Drilling admits that on March 2, 2012, Plaintiff received a telephone call from Don Skinner, District Manager, who informed Plaintiff that Plaintiff was being terminated from employment because he was not progressing satisfactorily with his training. Scientific Drilling is without sufficient knowledge or information to admit or deny the remaining allegations set forth in paragraph 19 of Plaintiff's Complaint and, therefore, those allegations are denied.

20. Scientific Drilling is without sufficient knowledge or information to admit or deny the allegations set forth in paragraph 20 of Plaintiff's Complaint and, therefore, those allegations are denied.

21. Scientific Drilling denies the allegations set forth in paragraph 21 of Plaintiff's Complaint that Scientific Drilling's reasons for terminating the Plaintiff are pretextual. Scientific Drilling asserts that, pursuant to Rule 8 of the Federal Rules of Civil Procedure, no response is necessary to the remaining statements made in paragraph 21 of Plaintiff's Complaint, as all remaining statements are not short and plain statements showing that Plaintiff is entitled to relief. Rather, the remaining statements are part of Plaintiff's argument that Scientific Drilling's reason for termination was pretextual. To the extent that any response is necessary, any and all remaining allegations set forth in paragraph 21 of Plaintiff's Complaint are denied.

22. Scientific Drilling denies the allegations set forth in paragraph 22 of Plaintiff's Complaint.

23. Scientific Drilling denies the allegations set forth in paragraph 23 of Plaintiff's Complaint. Scientific Drilling asserts that all actions taken regarding Plaintiff's employment were taken in good faith and for legitimate non-discriminatory business reasons. Scientific Drilling also asserts that it has, at all times, met or exceeded any duties that it may have under the ADA, ADEA, and the OADA with respect to Plaintiff and/or his employment.

24. Scientific Drilling denies the allegations set forth in paragraph 24 of Plaintiff's Complaint. Scientific Drilling asserts that all actions taken regarding Plaintiff's employment were taken in good faith and for legitimate non-discriminatory business reasons. Scientific Drilling also asserts that it has, at all times, met or exceeded any duties that it may have under the ADA, ADEA, and the OADA with respect to Plaintiff and/or his employment.

25. Scientific Drilling admits that it has a written policy stating that it will not discriminate against its employees because of age and/or disability. Scientific Drilling denies the remaining allegations set forth in paragraph 25 of Plaintiff's Complaint. Scientific Drilling asserts that all actions taken regarding Plaintiff's employment were taken in good faith and for legitimate non-discriminatory business reasons. Scientific Drilling also asserts that it has, at all times, met or exceeded any duties that it may have under the ADA, ADEA, and the OADA with respect to Plaintiff and/or his employment.

26. Scientific Drilling admits that Plaintiff earned approximately $50,000 in a partial year of employment in 2011. Scientific Drilling denies the remaining allegations set forth in paragraph 26 of Plaintiff's Complaint.

## VI. First Cause of Action: Violation of the ADEA

27. No response is necessary to paragraph 27 of Plaintiff's Complaint. However, to the extent that a response is required, Scientific Drilling incorporates herein by reference its responses to the previous paragraphs of Plaintiff's Complaint.

28. Scientific Drilling is without sufficient knowledge or information to admit or deny the allegations pertaining to Plaintiff's age set forth in paragraph 28 of Plaintiff's Complaint and, therefore, those allegations are denied. Scientific Drilling, however, acknowledges that Plaintiff has represented to it that his year of birth was 1963, which would make Plaintiff over the age of 40 at the time of Plaintiff's termination. All remaining allegations are denied. Scientific Drilling asserts that all actions taken regarding Plaintiff's employment were taken in good faith and for legitimate non-discriminatory business reasons. Scientific Drilling also asserts that it has, at all times, met or exceeded any duties that it may have under the ADA, ADEA, and the OADA with respect to Plaintiff and/or his employment.

29. Scientific Drilling denies the allegations set forth in paragraph 29 of Plaintiff's Complaint.

30. Scientific Drilling denies the allegations set forth in paragraph 30 of Plaintiff's Complaint. Scientific Drilling asserts that all actions taken regarding Plaintiff's employment were taken in good faith and for legitimate non-discriminatory business

reasons. Scientific Drilling also asserts that it has, at all times, met or exceeded any duties that it may have under the ADA, ADEA, and the OADA with respect to Plaintiff and/or his employment.

31. Scientific Drilling denies the allegations set forth in paragraph 31 of Plaintiff's Complaint. Scientific Drilling asserts that all actions taken regarding Plaintiff's employment were taken in good faith and for legitimate non-discriminatory business reasons. Scientific Drilling also asserts that it has, at all times, met or exceeded any duties that it may have under the ADA, ADEA, and the OADA with respect to Plaintiff and/or his employment.

32. Scientific Drilling denies the allegations set forth in paragraph 32 of Plaintiff's Complaint. Scientific Drilling asserts that it at all times acted in good faith and with a reasonable belief that it was acting in conformity with the federal and state laws pled by Plaintiff. Scientific Drilling further asserts that Plaintiff cannot establish that the alleged acts or omissions of Scientific Drilling were willful.

33. Scientific Drilling denies the allegations set forth in paragraph 33 of Plaintiff's Complaint. Scientific Drilling asserts that it at all times acted in good faith and with a reasonable belief that it was acting in conformity with the federal and state laws pled by Plaintiff. Scientific Drilling further asserts that Plaintiff cannot establish that the alleged acts or omissions of Scientific Drilling were intentional, willful, malicious, and/or in reckless disregard for Plaintiff's rights.

## VII. Second Cause of Action: Violation of the ADA

34. No response is necessary to paragraph 34 of Plaintiff's Complaint. However, to the extent that a response is required, Scientific Drilling incorporates herein by reference its responses to the previous paragraphs of Plaintiff's Complaint.

35. Scientific Drilling denies the allegations set forth in paragraph 35 of Plaintiff's Complaint. Plaintiff's employment was terminated in good faith and for legitimate, non-discriminatory business reasons. Scientific Drilling asserts that Plaintiff is not a qualified person with a disability as defined by the ADA and the OADA. Scientific Drilling further asserts that all actions taken regarding Plaintiff's employment were taken in good faith and for legitimate non-discriminatory business reasons. Scientific Drilling also asserts that it has, at all times, met or exceeded any duties that it may have under the ADA, ADEA, and the OADA with respect to Plaintiff and/or his employment.

36. Scientific Drilling denies the allegations set forth in paragraph 36 of Plaintiff's Complaint. Scientific Drilling asserts that it at all times acted in good faith and with a reasonable belief that it was acting in conformity with the federal and state laws pled by Plaintiff. Scientific Drilling further asserts that Plaintiff cannot establish that the alleged acts or omissions of Scientific Drilling were intentional, willful, malicious, and/or in reckless disregard for Plaintiff's rights.

37. Scientific Drilling denies the allegations set forth in paragraph 37 of Plaintiff's Complaint. Scientific Drilling asserts that it at all times acted in good faith and with a reasonable belief that it was acting in conformity with the federal and state laws

pled by Plaintiff. Scientific Drilling further asserts that Plaintiff cannot establish that the alleged acts or omissions of Scientific Drilling were intentional, willful, malicious, and/or in reckless disregard for Plaintiff's rights.

## VIII. <u>Third Cause of Action: Violation of the OADA</u>

38. No response is necessary to paragraph 38 of Plaintiff's Complaint. However, to the extent that a response is required, Scientific Drilling incorporates herein by reference its responses to the previous paragraphs of Plaintiff's Complaint.

39. Scientific Drilling admits that the OADA prohibits discrimination based on age and disability. Scientific Drilling denies, however, that Plaintiff was disabled as defined by the OADA and further denies that Plaintiff was subjected to discrimination in violation of the OADA. Scientific Drilling is without sufficient knowledge or information to admit or deny any allegations pertaining to Plaintiff's age. All remaining allegations are denied.

40. Scientific Drilling denies the allegations set forth in paragraph 40 of Plaintiff's Complaint. Scientific Drilling asserts that Plaintiff is not a qualified person with a disability as defined by the ADA and the OADA. Scientific Drilling further asserts that all actions taken regarding Plaintiff's employment were taken in good faith and for legitimate non-discriminatory business reasons. Scientific Drilling also asserts that it has, at all times, met or exceeded any duties that it may have under the ADA, ADEA, and the OADA with respect to Plaintiff and/or his employment.

41. Scientific Drilling denies the allegations set forth in paragraph 41 of Plaintiff's Complaint. Plaintiff's employment was terminated in good faith and for

legitimate, non-discriminatory business reasons.  Scientific Drilling asserts that it at all times acted in good faith and with a reasonable belief that it was acting in conformity with the federal and state laws pled by Plaintiff.  Scientific Drilling further asserts that Plaintiff cannot establish that the alleged acts or omissions of Scientific Drilling were intentional, willful, malicious, and/or in reckless disregard for Plaintiff's rights.

42. Scientific Drilling denies the allegations set forth in paragraph 42 of Plaintiff's Complaint.

## IX. Jury Trial Requested

43. Scientific Drilling denies the allegations set forth in paragraph 43 of Plaintiff's Complaint.

## X. Prayer for Relief

44. Scientific Drilling denies that Plaintiff is entitled to any relief whatsoever, including the relief requested in the paragraph 44 of the Prayer for Relief section of Plaintiff's Complaint.

**AFFIRMATIVE AND OTHER DEFENSES**

Scientific Drilling realleges and incorporates by reference herein all previously stated paragraphs and further states as follows:

1. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2. Plaintiff has failed and neglected to use reasonable means to mitigate his alleged damages, if any.

3. The imposition of punitive damages, in whole or in part, would violate the Oklahoma and United States Constitutions, including the guaranty against the deprivation of property except by due process of law provided by Article 2, § 2 of the Constitution of the State of Oklahoma, the guaranty against deprivation of property except by due process of law provided by the 14th Amendment of the Constitution of the United States of America, and the prohibition against excessive fines and cruel and unusual punishment made applicable to the states under the 14th Amendment's Due Process Clause.

WHEREFORE, Defendant Scientific Drilling requests that this Court enter judgment in its favor and grant it all costs and attorneys' fees incurred herein and such other and further relief to which it may be entitled.

Respectfully submitted,

**HALL, ESTILL, HARDWICK, GABLE, GOLDEN & NELSON, P.C.**

s/Nathaniel T. Haskins
Nathaniel T. Haskins, OBA #22585
Chase Tower
100 North Broadway, Suite 2900
Oklahoma City, OK 73102-8865
Telephone: (405) 553-2828
Facsimile: (405) 553-2855
Email: nhaskins@hallestill.com

**ATTORNEYS FOR DEFENDANT**

# CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of September, 2012, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of Notice of Electronic Filing to the Following ECF registrants:

Raymond C. Durbin
601 N.W. 13th Street
Oklahoma City, OK 73103

s/ Nathaniel T. Haskins